United States District Court
Southern District of Texas
**ENTERED**
July 21, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE FOR JPMORGAN CHASE BANK, N.A., AS TRUSTEE FOR NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2002-3 NOVASTAR HOME EQUITY LOAN ASSET-BACKED CERTIFICATES, SERIES 2002-3, § § § § § § § § § | |
| Plaintiff, § § | |
| vs. § § | CIVIL ACTION H-16-376 |
| JOHN WAYNE JOHNSON AND GAI IRA PROPERTY TAX ADVANTAGE, LLC, § § § | |
| Defendants. § | |

**FINAL JUDGMENT**

Pending before the Court in the above referenced action seeking a judgment of judicial foreclosure on the property located at 7200 Wendemere Street, Houston, Texas 77088, a declaratory judgment that Plaintiff the Bank of New York Mellon f/k/a the Bank of New York as Successor Trustee for JPMorgan Chase Bank, N.A., as Trustee for Novastar Mortgage Funding Trust, Series 2002-3 Novastar Home Equity Loan Asset-Backed Certificates, Series 2002-3 ("BNYM") may pay off the tax lien on the Property currently held by Defendant GAI Property Tax Advantage, LLC ("GAI"), and an award of reasonable attorney's fees and costs of suit, are BNYM's motion for summary judgment (instrument #17) and United States Magistrate Judge Frances Stacy's Memorandum and Recommendation (#19) that the

motion be granted. Defendants John Wayne Johnson ("Johnson") and GIA have failed to file a response to the motion for summary judgment and objections to the Magistrate Judge's Memorandum and Recommendation.

### Standard of Review

Title 28 U.S.C. § 636(b)(1)(B) provides,

> a judge may also designate a magistrate judge to conduct hearings including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

When no timely objection to a magistrate judge's memorandum and recommendation is filed by any party, the district court need only satisfy itself that there is no clear error on the fac2 of the record to accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2008).

Summary judgment under Federal Rule of Civil Procedure 56(c) is appropriate when, viewing the evidence in the light most favorable to the nonmovant, the court determines that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

After careful review of the Magistrate Judge's Memorandum and Recommendation, the applicable law, and the facts, the Court finds there is no clear error on the face of the record and accordingly **ADOPTS** the Memorandum and Recommendation as its own. Thus the Court

ORDERS that Plaintiff's motion for summary judgment (#17) is GRANTED. The Court accordingly

DECLARES that BNYM is the current holder of the Note and the beneficiary of the Security Instrument and may pay off the tax lien on the Property currently held by Defendant GAI. The Court also

ORDERS that BNYM shall have and recover a judgment in full amount of the debt from Johnson, i.e., $116,399.18 as of May 31, 2017, plus prejudgment interest from that date at the rate of 9.8% and postjudgment interest at the rate of 9.8%, and the judgment shall be satisfied from the foreclosure sale of the Property. The Court further

ORDERS that an order of sale shall issue to any federal marshal, sheriff or constable, directing him or her to seize and sell the Property, and the improvements located thereon, as under execution and satisfaction of this judgment. The Court further

ORDERS that all foreclosure notices shall be mailed to Johnson at 7200 Wendemere Street, Houston, Texas 77088. In addition the Court

ORDERS that all costs are taxed against Johnson. Finally the

Court

ORDERS that BNYM is entitled to an award of reasonable attorney's fees. Plaintiff shall file an appropriate motion for such fees with supporting evidence within fourteen days of receipt of this Final Judgment pursuant to Federal Rule of Civil Procedure 54(d)(2). Defendants may file a response within ten days of receipt of Plaintiff's motion.

SIGNED at Houston, Texas, this 20th day of July, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE